## JAMES O'MALEY vs. JOHN REES.

By the terms "suits or proceedings originally commenced and then pending in any Court of Common Pleas," in the 14 Art. § 5, of the Constitution, *held*, that it is intended to transfer to the Supreme Court, all suits originally commenced in the old Courts of Common Pleas, whether the same has proceeded to final judgment or not, provided, any further judicial action is to be had thereon, such for instance, as a motion for a new trial upon a case, or motion to set aside a report of referees, to amend the record, to set aside the judgment for irregularity, or for a special report of referee to be made up and incorporated in the record.

On a motion in the Supreme Court, upon such a judgment for an order requiring a special report of a referee to be made, &c., or that a mandamus issue, *held*, that the affidavits for the motion should be entitled, and that it is not a case for a mandamus.

*September Special Term*, 1847. *Monroe County.*—Motion for a rule requiring a special report of the referee to be made, under the direction of the Hon. P. G. Buchan, of the facts proved before him, and for leave to incorporate the same in the judgment record, or that an alternative mandamus issue to said P. G. Buchan, requiring him to make such report.

The affidavit upon which the motion is founded, is not entitled. It shows that on the 9th of Nov. 1846, the suit was commenced in the Court of Common Pleas of Monroe county, by filing and serving a declaration, to which the Defendant pleaded the general issue: that at the December term of said court, the cause was referred by the court, with the consent of parties, to P. G. Buchan, then first judge of said court as sole referee: that on the 18th of January, 1847, the cause was brought to a hearing before the referee, who reported generally in favor of the Defendant, without stating any point or question that had been decided by him. It appears that the referee was of the opinion that the facts were sufficiently proved to entitle the Plaintiff to a report in his favor, although there was some conflicting evidence upon the facts, but reported in favor of the Defendant on the ground of the insufficiency of the declaration. The Plaintiff's attorney made a case, setting forth all the evidence, upon which he moved at the last March term of said court, to set aside the report: That on the argument of the motion for a new trial, the testimony was not read or reviewed, but the facts were assumed to be proved, and only the question of law was argued. At the last June term, the said court denied the motion, and denied the motion to set aside the report. The Plaintiff's attorney, at the same term, moved the court on affidavit and notice for a rule requiring the referee to make a special report of the facts proved before him, and that the Defendant's attorney incorporate the same in the record, or that the Plaintiff's attorney have leave to do so. The court denied the motion, on the ground that the practice requiring a special

report had been abolished. The affidavit also states that said P. G. Buchan is now judge of the county courts of said county, and that the Defendant perfected and docketed judgment in the cause on the 28th of June last, and that the Defendant intends to bring a writ of error to review the judgment of the Court of Common Pleas.

The counsel for O'Maley now moves for a rule requiring the referee to make a special report of the facts, or that an alternative mandamus issue to the referee, commanding him to make such a report, &c.

S. S. BOWNE, for the Defendant, raised a preliminary objection to the affidavit on which the motion was founded, that it was not entitled. The court received the affidavit subject to the objection.

The counsel also objected that the cause was not in this court, and cited Art. 14, sec. 5 of the Constitution, and sec. 55 of the Judiciary Act. He also contended that this was not a proper case for a mandamus.

WELLES, Justice.—In order to determine the preliminary objection to the affidavit, it is necessary to decide whether the cause is pending in this court. If it is, then the affidavit is irregular, in consequence of not being entitled. (2 Cowen's Rep. 500; Gra. Pr., 2d ed., 160, 677–8.)

By the new Constitution, Art. 14, sec. 5, it is provided, amongst other things, that "on the first Monday of July, 1847, jurisdiction of all suits and proceedings then pending in the present Supreme Court and Court of Chancery, and all suits or proceedings originally commenced and then pending in any Court of Common Pleas, (except in the city and county of New York,) shall become vested in the Supreme Court hereby established. Proceedings pending in the Court of Common Pleas, and in suits originally commenced in Justices' Courts, shall be transferred to the County Courts, provided for in this Constitutton, in such manner and form and under such regulation as shall be provided for by law."

Is this a suit or proceeding originally commenced or pending in the Court of Common Pleas on the first Monday in July, 1847, within the meaning of the above recited section of the Constitution? If it is, then by power of that section, and without the aid, and notwithstanding any action of the Legislature, it was on that day transferred into this court. It is argued that a final judgment had been entered and perfected, and it was not then "*pending*" in the sense of the Constitution. It is also urged that the 55th section of the Judiciary Act, which directs that executions may be issued out of the new County Courts, to collect any judgment in Court of Common Pleas in the same county, is a legislative construction of the Constitution in this respect, and shows that where final judgment

has been perfected in the said Court of Common Pleas, the suit or judgment is transferred into the County Court.

With respect to the position that it is not a suit or proceeding which was originally commenced, and on the first Monday in July, 1847, *pending* in the Common Pleas, I think it is too rigid a construction of the constitution, and one never intended by its framers.

If this does not come within the class of cases transferred into this court by the constitution, I think there is no court in existence having any control over it. The Court of Common Pleas does not exist, and it is not transferred into the new County Court. That part of the section of the constitution describing the business to be transferred from the Courts of Common Pleas into the new County Courts, is in these words: "Proceedings pending in Courts of Common Pleas and in suits originally commenced in Justice Courts." It is observable that the provision just alluded to, uses the words *proceedings pending, &c.*, and declares that *they* shall be transferred, &c., *in such manner, &c., and under such regulations as shall be provided by law.* The section had just before absolutely transferred into this court all *suits and proceedings* originally commenced and pending in the Courts of Common Pleas. I conclude, therefore, that the matters to be transferred in such manner as should be provided by law into the Courts of Common Pleas, were *proceedings* such as petitions for the discharge of imprisoned debtors, applications for relief of sureties in criminal cases, petitions for the discharge of debtors under the two-third act, and a variety of other statutory proceedings, forming an important class of business, transacted in the Courts of Common Pleas, which were never denominated *suits*—together with proceedings in *suits* originally commenced in Justices' Courts. I do not regard the criticism on the word *pending*, in the fore part of the section cited, as being just or fair, or as calculated to elucidate the meaning of the instrument. If it should prevail, it would leave a large class of important business of the courts unprovided for.

If there is no further question to be determined in relation to the judgment perfected in the old Court of Common Pleas, then it would not be necessary to transfer the case into any court. No further judicial action in such case is to be had, and all that remains to be done is to issue execution; and the Legislature has provided for that in the 55th section of the Judiciary Act. That section authorizes the issuing of executions out of the County Court to collect such judgments. This, however, is a mere ministerial act. The judgment no more becomes the judgment of the new County Court than the judgment of a justice of the

peace, where a transcript had been filed with the county clerk became a judgment of the old Court of Common Pleas.

The views above expressed, render it unnecessary to consider the argument of legislative construction. That argument, I think, has been already met and answered, for if I am not mistaken, the Legislature did not intend by the 55th section of the act, to give to the new County Courts any judicial power in relation to a judgment in a suit originally commenced in the old Court of Common Pleas.

The conclusion to which I have arrived is that, by the terms "suits and proceedings originally commenced and then pending in any Court of Common Pleas," in the constitution, is intended, all suits originally commenced in the old courts of Common Pleas, whether the same has proceeded to final judgment or not, provided any further judicial action is to be had thereon, such for instance as a motion for a new trial upon a case, or motion to set aside a report of referees, to amend the record, to set aside the judgment for irregularity, or the kind of relief asked for on this motion.

If I am right in this conclusion, it follows that the suit is in this court, and that the affidavit should have been entitled—and it is perfectly clear that this is not a case for a mandamus.

The motion is denied without prejudice and without costs.